**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANN MCQUERTER,<br><br>                                    Plaintiff,<br><br>     v.<br><br>JPMORGAN CHASE BANK, N.A.; and<br>DOES 1 through 10, inclusive,<br><br>                                    Defendants. | Case No.:  26-cv-00007-DMS-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND CLAIM OF PLAINTIFF'S COMPLAINT**<br><br>**[ECF No. 6]** |

Pending before the Court is Defendant JPMorgan Chase Bank, N.A.'s motion to dismiss the second claim of Plaintiff Ann McQuerter's Complaint.  (Mot., ECF No. 7-1.) Plaintiff responded in opposition ("Opposition"), (Opp'n, ECF No. 8), and Defendant filed a reply, (Reply, ECF No. 9).  The matter is suitable for resolution without oral argument. (ECF No. 10.)  For the following reasons, the Court grants Defendant's motion.

## I.      BACKGROUND

The Court accepts the Complaint's allegations as true for purposes of resolving the motion.  Plaintiff maintained personal accounts with Defendant, including a personal checking account at issue here ("Account").  (Compl., ECF No. 1-2, ¶ 5.)  At all relevant times, Plaintiff safeguarded her Account.  (*See id.* ¶¶ 6, 12.)  On an unknown date, an unknown person made three electronic funds transfers, in the amounts of $4,350, $4,200,

1

and $4,100, from Plaintiff's Account to Tinker Federal Credit Union in Oklahoma.  (*Id.* ¶¶ 7, 9.)  The three transfers were processed on September 16, 2025.  (*Id.* ¶ 10.)  Plaintiff did not initiate or authorize these transfers and has no connection with Tinker Federal Credit Union or any person or entity in Oklahoma.  (*Id.* ¶¶ 8, 11.)

On multiple occasions, Plaintiff visited Defendant's branch offices in San Diego, California and explained to the branch managers that she did not authorize the electronic transfers.  (*Id.* ¶¶ 14, 15.)  Plaintiff was told the issue would be handled by Defendant's fraud department, and later told over the phone that Defendant would not honor her disputes.  (*Id.* ¶ 26.)  Defendant did not provide Plaintiff with a written decision and did not make a good faith investigation into the unauthorized transfers.  (*Id.* ¶¶ 17, 26, 29.)  Defendant has not refunded the money to Plaintiff.  (*See id.* ¶ 26.)  Plaintiff also disputed the transfers with Tinker Federal Credit Union.  (*Id.* ¶ 18.)  Tinker Federal Credit refunded $4,000 to Plaintiff, based on the amounts it could retrieve from the receiving account, but refused to provide additional information or documentation without a subpoena.  (*Id.* ¶¶ 18, 19.)

Plaintiff originally filed suit in San Diego Superior Court, alleging: (1) a violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and (2) financial elder abuse, Cal. Welf. & Inst. Code § 15610.30(a).  (*Id.* at 3–4.)  Defendant removed to federal court, (ECF No. 1), then moved to dismiss the financial elder abuse claim, (Mot. 5–6).

## II.  LEGAL STANDARD

### A. Federal Rule of Civil Procedure 8(a)

Pursuant to Rule 8(a), a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a); *Lyon v. Denlay*, No. 25-CV-00667, 2026 WL 926037, at *2 (E.D. Cal. Apr. 6, 2026), *report and recommendation adopted*, No. 25-CV-00667, 2026 WL 1234034 (E.D. Cal. May 5, 2026).

Rule 8(a) requires the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "The complaint must clearly and fully set forth 'who is being sued, for what relief, and on what theory, with enough detail to guide discovery.'" *Lyon*, 2026 WL 926037, at *2 (quoting *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996)). While "the pleading standard . . . does not require 'detailed factual allegations,'" "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

### B. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If Plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**III.     DISCUSSION**

Under California law, financial elder abuse occurs when "a person or entity . . . [t]akes, secretes, appropriates, obtains, or retains . . . [or] [a]ssists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder . . . for a wrongful use or with intent to defraud, or both . . . [or] by undue influence." Cal. Welf. & Inst. Code § 15610.30(a). The parties do not dispute that Plaintiff qualifies as an "elder" (at least 65 years old), *id.* § 15610.27, or that money is "personal property," Cal. Civ. Code § 14. But for the reasons below, the Court finds the Complaint violates Rule 8(a) and 12(b)(6).

**A. Rule 8(a)**

First, Defendant correctly argues the "Complaint does not specify which of the three types of violations [Defendant] allegedly committed in this case, thus failing to provide [Defendant] with 'fair notice' of the alleged wrongdoing." (Mot. 8.) The Complaint broadly alleges Defendant "violated the Elder Abuse Act, Welf. And Inst. Code 15610.30(a)," (Compl. ¶ 33), without specifying which of Defendant's actions violated which provision of section 15610.30. Plaintiff's Opposition explains Defendant's alleged failure to refund Plaintiff the money transferred out of her Account constitutes an unlawful retention or assistance in retaining her personal property in violation of section 15610.30(a)(1)–(2), (*see* Opp'n 4–5); however, the Complaint does not make this legal theory clear. Indeed, neither the word "retained," nor any variation of the word, appears in the Complaint. (Reply 2.) It is also unclear whether Plaintiff wishes to pursue only this theory or other violations of section 15610.30 as well. "[C]ourts have found as insufficient pleadings that fail to specify which part of a multi-part statute Defendants have allegedly violated." *Song v. Drenberg*, No. 18-CV-06283, 2019 WL 1998944, at *5 (N.D. Cal. May 6, 2019); *see also, e.g.*, *Mesi v. JPMorgan Chase Bank*, No. 315CV00555, 2016 WL 11184699, at *3 (D. Nev. Mar. 10, 2016) (dismissing claims because the plaintiff does not specify which "portions" of Nev. Rev. Stat. §§ 598 and 598A the defendants violated);

4

*Sakugawa v. Countrywide Bank F.S.B.*, 769 F. Supp. 2d 1211, 1220–21 (D. Haw. 2011) (dismissing claim because the plaintiff failed to specify which provision of the Real Estate Settlement Procedures Act that was violated).  Because Plaintiff's Complaint does not specify how or under what provisions Defendant reportedly violated section 15610.30, the Court finds Plaintiff failed to provide Defendant with "fair notice" of her precise claim. Thus, the Court **DISMISSES** Plaintiff's financial elder abuse claim with leave to amend.

### B. Rule 12(b)(6)

Plaintiff also fails to state a financial elder abuse claim.  She argues an "unlawful retention of funds may occur when a company withholds providing an elder funds they are legally entitled to."  (Opp'n 5 (citing *Crawford v. Cont'l Cas. Ins. Co.*, No. SACV 14-00968, 2014 WL 10988334, at *2 (C.D. Cal. July 24, 2014); *Rosove v. Cont'l Cas. Co.*, No. 14-cv-01118, 2014 WL 2766161 at *4 (C.D. Cal. June 2, 2014); *Johnston v. Allstate Ins. Co.*, No. 13-CV-574, 2013 WL 2285361, at *4 (S.D. Cal. May 23, 2013)).) Specifically, Plaintiff contends Defendant unlawfully retained or assisted in retaining her personal property by failing to refund Plaintiff the money transferred out of her Account. (*See id.* at 4–5.)  However, an entity "retains" property per section 15610.30 when an elder is "deprived of any property right, including by means of an *agreement*, donative transfer, or testamentary bequest, regardless of whether the property is held directly or by a representative of an elder."  *Rittenmeyer v. Wells Fargo, N.A.*, No. 25-CV-00621, 2026 WL 353061, at *3 (E.D. Cal. Feb. 9, 2026) (emphasis in original) (quoting Cal. Welf. & Inst. Code § 15610.30(c)).  "An entity does not violate § 15610.30(a)(1) when it simply processes a transaction involving a third party."  *Id.*  And here, the Complaint "does not allege that Defendant . . . breach[ed] any contract by failing to pay the funds."  *Id.*

Further, the Court finds Plaintiff's authority to be unpersuasive.  The cases cited hold the "denial of policy coverage benefits to an elderly individual can violate the Elder Abuse Act."  *Crawford*, 2014 WL 10988334, at *2.  Plaintiff argues "[w]hether the denial of funds is based on an insurance policy or a bank account is of no consequence."  (Opp'n 6.)  The Court disagrees.  These cases "rely on the proposition that the plaintiff had a personal

26-cv-00007-DMS-JLB

property interest in money based on an event that triggered coverage under an insurance policy." (Reply 5.)  The Court does not read these cases to extend to a bank's refusal to refund a customer's money, at least when, as here, the Complaint does not allege the bank was contractually obligated to pay the funds.  Thus, Plaintiff's financial elder abuse claim is insufficiently pled.  The claim is **DISMISSED** with leave to amend per Rule 12(b)(6).[1]

**IV.    CONCLUSION**

Based on the foregoing, Defendant's motion to dismiss Plaintiff's second claim is **GRANTED** with leave to amend.  Plaintiff has **twenty-one (21) days** to file an Amended Complaint.  Plaintiff shall include her EFTA claim in the Amended Complaint if she wishes to continue to pursue that cause of action.

**IT IS SO ORDERED.**

Dated:  May 15, 2026

Hon. Dana M. Sabraw
United States District Judge

---

[1] Plaintiff raises only the unlawful retention theory in her Opposition and fails to adequately specify in her Complaint whether she seeks other legal theories under section 15610.30.  To the extent Plaintiff intended to raise additional legal theories not addressed in this Order, those claims are dismissed for failing to comply with Rule 8(a).

26-cv-00007-DMS-JLB